UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEON D. COLVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-03485 (UNA) |
| | ) |
| | ) |
| DISTRICT OF COLUMBIA COURT OF | ) |
| APPEALS *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Plaintiff, proceeding *pro se* and *in forma pauperis*, has sued the D.C. Court of Appeals (DCCA) and three of its associate judges based on the DCCA's affirmance of dismissal orders issued by the Superior Court of the District of Columbia. *See* Compl. ¶¶ 3-36, ECF No. 1. Claiming due process and equal protection violations, as well as racial bias, Plaintiff seeks injunctive relief and money damages. *See id*. at 9-18. For the following reasons, this case will be dismissed.

**A.  Claim for Injunctive Relief**

Plaintiff seeks a "Permanent Injunction of Defendant's Judgment" of affirmance. Compl. at 17. However, "federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts lack jurisdiction to review another court's decisions and order it to take any action. *See Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.") (citing *Dist. of Columbia Court of*

*Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Plaintiff's recourse lies, if at all, in the U.S. Supreme Court. *See* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari[.]"). Therefore, the claim for injunctive relief is dismissed for want of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal "at any time" the court determines that it lacks subject-matter jurisdiction).

**B. Claim for Monetary Relief**

Plaintiff seeks money damages from the named associate judges for their alleged "unlawful involvement in the Judgment." Compl. at 18. Dismissal is required "at any time" the court determines that the action seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(iii). Such applies here because judges enjoy absolute immunity from suits for damages based, as here, on their decisions in a judicial proceeding within their jurisdiction. *See Mirales v. Waco*, 502 U.S. 9, 11-13 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because . . . judges are absolutely immune from lawsuits predicated, as here, for their official acts"); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied*, 513 U.S. 1150 (1995) (a complaint against judges who have "done nothing more than their duty" is "a meritless action.").

Because no "allegation of other facts" could plausibly cure the defects discussed above, the complaint is dismissed with prejudice. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam); *cf. Menifee v. U.S. Dep't of the Interior*, 931 F. Supp. 2d 149, 153 (D.D.C. 2013) (dismissing with prejudice claims barred by sovereign immunity); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 133-35 (D.D.C. 2013) (dismissing with prejudice claims subject to "the doctrine of judicial immunity").  A separate order accompanies this Memorandum Opinion.

Date: January 8, 2024

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge